IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN SCOTT STEFFLER,

        Petitioner,

    v.

BOARD OF PAROLE AND POST-
PRISON SUPERVISION,

        Respondent.

Case No. 2:21-cv-01875-HZ

OPINION AND ORDER

Scott Brian Steffler
13406094
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801-9699

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Daniel T. Toulson, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") denying his application for a rehabilitation hearing. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner is currently serving a sentence of life without the possibility of parole following his convictions for intentional murder and aggravated murder in Douglas County in 2001. Following unsuccessful direct appeal and post-conviction relief efforts, Petitioner filed a 28 U.S.C. § 2254 habeas corpus case, *Steffler v. Belleque,* Case No. 3:09-cv-01371-MA, in this District. In that case, the Court denied relief on the merits and dismissed the action with prejudice on January 17, 2013.

Despite the imposition of a life sentence without the possibility of release from prison, in 2019 Petitioner asked the Board to schedule him for a rehabilitation hearing to determine whether it would be appropriate to change the terms of his confinement.[1] He argued that Ballot Measures 6 and 7, incorporated into Article I, section 40 of the Oregon Constitution in 1984 by the State's voters, provide him with a Fourteenth Amendment due process interest in a rehabilitation hearing. Specifically, he asserted that Measures 6 and 7 provide that a person convicted of aggravated murder in Oregon must receive a sentence of either death or life with the

---

[1] Rehabilitation hearings in Oregon, also referred to as "murder review" hearings, apply in cases where a criminal defendant is convicted of aggravated murder and sentenced to "life" (as opposed to life without the possibility of parole). The purpose of these hearings is to determine whether a defendant who has served a minimum statutory term can establish that he is likely to be rehabilitated within a reasonable period of time. If a prisoner meets this burden, the Board then converts the sentence to life with the possibility of release to parole, post-prison supervision, or work release. *See* ORS 163.105; *Barrett v. Board of Parole and Post-Prison Supervision*, 322 Or. App. 751, 753, 522 P.3d 544 (2022).

2 – OPINION AND ORDER

possibility of parole after either 20 or 30 years, thus his true life sentence must be unconstitutional. The Board disagreed, concluding that he was ineligible for a rehabilitation hearing because the Douglas County Circuit Court sentenced him to life in prison without the possibility of parole. Respondent's Exhibit 102, pp. 3-4.

Petitioner next filed for judicial review with the Oregon Court of Appeals. The appellate court affirmed the Board's decision in an opinion that simply cited two of its prior decisions wherein it concluded that a true life sentence for aggravated murder is, in fact, a proper sentence in Oregon. *See Steffler v. Board of Parole and Post-Prison Supervision,* 314 Or. App. 494, 495 P.3d 218 (2021) (citing *State v. Myers,* 218 Or. App. 635, 180 P.3d 759 (2008) and *Pitchforth v. Board of Parole,* 302 Or. App. 381, 457 P.3d 379 (2020)).[2] The Oregon Supreme Court denied Petitioner's later request for review. 369 Or. 69, 499 P.3d 1283 (2021).

On December 28, 2021, Petitioner filed his Petition for Writ of Habeas Corpus in which he pursues his claim that the Board violated his Fourteenth Amendment due process rights when it refused to hold a rehabilitation hearing. Respondent asks the Court to deny relief on the Petition because: (1) Petitioner's challenge effectively amounts to a successive and untimely challenge to the legality of his sentence; and (2) Oregon's state courts resolved the issue underlying Petitioner's claim in such a manner that he cannot succeed on his due process claim.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable

---

[2] The *Pitchforth* decision contains no analysis, but affirms the Board's denial of the same claim Petitioner raises here. *See* Petitioner's Opening Brief WL 6683059 (Or. App. May 14, 2019).

3 – OPINION AND ORDER

application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

**II.    Analysis**

Petitioner asks this Court to first ascertain whether Article I, section 40 of the Oregon Constitution requires parole consideration for aggravated murderers who are not sentenced to death. He asserts that once the Court concludes that the Oregon Constitution requires such consideration in his case, it must necessarily conclude that the Board's refusal to conduct a rehabilitation hearing for him violates his Fourteenth Amendment right to due process.

As an initial matter, any challenge to the legality of Petitioner's true life sentence amounts to a challenge to his criminal judgment. As noted above, Petitioner already challenged his criminal judgment in *Steffler v. Belleque,* Case No. 3:09-cv-01371-MA, a case which the Court resolved on its merits. Petitioner is not permitted to challenge the same judgment in a second habeas corpus action where he has not obtained permission from the Ninth Circuit Court of Appeals to do so.[3] *See* 28 U.S.C. § 2244(a)(3)(A).

Petitioner insists that he is not challenging his underlying criminal judgment but, rather, the Board's refusal to provide him with the parole consideration because a true life sentence is not a permissible punishment for aggravated murder in Oregon. However, as discussed in the Background of this Opinion, Oregon's state courts have already concluded that a sentence of life without the possibility of parole is a permissible punishment for the crime of aggravated murder. Although Petitioner asks the Court to revisit that issue and conclude that the state courts misinterpreted Oregon law, it is not the province of a federal habeas court to intrude upon state-court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Floyd v. Filson*, 949 F.3d 1128, 1146 (9th Cir. 2020) (even a state court's misreading of state law is not a ground for habeas corpus relief). Where Petitioner's true life sentence does not allow for the possibility of parole, due process does not require the Board to hold a rehabilitation hearing. The Oregon Court of Appeals' decision affirming the Board's decision is therefore neither contrary to, nor an unreasonable application of, clearly established federal law.

///

///

---

[3] In addition, any challenge to Petitioner's Douglas County judgment is untimely where the applicable statute of limitations is one year, and the pendency of Petitioner's prior federal habeas action did not toll the statute of limitations. *See* 28 U.S.C. 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

March 4, 2023
DATE

Marco A. Hernandez
United States District Judge